UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| CHRISTO ACOSTA, on his own behalf and others similarly situated, | ) ) ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | FILE NO: |
| | ) | |
| vs. | ) | FAIR LABOR STANDARDS ACT |
| | ) | ACTION |
| SIRIUS TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **COMPLAINT**

COMES NOW, Plaintiff who hereby brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., (hereinafter "FLSA") for unpaid overtime compensation, liquidated damages, reasonable expenses of litigation, and attorneys' fees, on the grounds set forth below:

## **JURISDICTION AND VENUE**

1.

The jurisdiction of this Court is invoked under 28 U.S.C. §1331 and §1337.

This Court also has jurisdiction pursuant to 29 U.S.C. §216(b).

2.

Pursuant to 28 U.S.C. §1391, venue is appropriate in this judicial district as the Defendants conduct business and maintain a registered agent within the Northern District of Georgia.

## PARTIES

3.

Plaintiff was an Associate Engineer who was denied overtime compensation during the terms of his employment.

4.

Similarly situated Plaintiffs include all of Defendant's non-exempt present and former employees to whom it failed to pay overtime wages during the previous three years.

5.

Defendant Sirius Technologies, Inc. is a corporation formed under the laws of the State of Georgia.   Defendant may be served with process through its registered agent, David C. Gray, 1415 Willow Park Way, Cumming, Georgia, 30041 in Forsyth County, Georgia.

6.

Defendant is an employer within the meaning of FLSA § 203(d) and is not an exempt employer under the Act.

## FACTUAL ALLEGATIONS

7.

Upon information and belief, Defendant has in the past and currently employs over 25 employees as in the metropolitan Atlanta area.

8.

Plaintiff seeks to represent employees engaged in interstate commerce expressly covered by the protections of the FLSA, 29 U.S.C. §207(a).

9.

The main purpose of Plaintiff's job was Associate Engineer wherein he was responsible for computer testing, design and support.

10.

At all times relevant to this case, the Plaintiff was not responsible for supervising any other employees.

11.

At all times relevant to this case, Plaintiff did not possess the authority to hire or terminate employees.

12.

Plaintiff also lacked the authority to formally participate in the recommendation for hiring and termination decisions.

13.

At all times relevant to this action, Plaintiff possessed no independent discretion regarding pricing or fees for services and had no authority to negotiate these matters with customers; Plaintiff did not otherwise possess discretion or exercise independent judgment in the daily activities he performed.

14.

At all times relevant to this action, Plaintiff was required to work a specific schedule and had to clock in and out of work.

15.

At all times relevant to this action, Plaintiff was docked for both hours and days missed due to illness, accident or other absences.

16.

From approximately March 2010 to January 2011 Defendant required Plaintiff to work in excess of 40 hours per workweek.

17.

From approximately March 2010 to January 2011 Defendant did not compensate Plaintiff for time worked in excess of 40 hours per week on a basis of one and one-half times the regular rate of pay at which he was employed.

18.

Defendant failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the Fair Labor Standards Act under 29 U.S.C. §207.

19.

Defendant is liable to Plaintiff for any and all time worked in excess of 40 hours per week at the rate of at least one and one-half times the regular hourly rate.

**Count I**

**(CLAIM FOR RELIEF UNDER FLSA § 207)**

20.

The above facts support Plaintiffs' claims for relief under the FLSA.

21.

Defendant's failure to compensate Plaintiff for time worked in excess of 40 hours per week is a violation of § 207 of the Fair Labor Standards Act of 1938, as amended.   Such violation is intentional and willful.   Said violation gives rise to a claim for relief under the FLSA for Plaintiffs for unpaid overtime compensation for three years prior to the filing of this Complaint, liquidated damages in an amount equal to the unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

WHEREFORE, the Plaintiff requests this Court:

(a)    Take jurisdiction of this matter;

(b)    Permit this case to proceed as an FLSA collective action under 29 U.S.C. § 216 for Defendants who elect to participate in this action by filing proper written notice with the Court;

(c)    Grant a trial by jury as to all matters properly triable to a jury;

(d)    Award to Plaintiff and to each member of the opt-in class payment for each overtime hour worked in the three years preceding the filing of this Complaint, calculated at one and one-half times the normal rate,   liquidated

damages equaling 100% of overtime due each class member, and

prejudgment interest on all amounts owed, as required by the FLSA;

(e)     Issue a declaratory judgment.

(f)     Award Plaintiff his attorney's fees and costs; and

(g)     Award any other such further relief this Court deems just, equitable and

proper.

## JURY DEMAND

Plaintiff herein requests trial by jury of all issues in this action.

This 24th day of February, 2012.

Keegan Law Firm, LLC

s/Marcus G. Keegan
Marcus G. Keegan
Georgia Bar No. 410424
1418 Dresden Drive
Suite 240
Atlanta, Georgia 30319
(404) 842-0333 (Phone)
(404) 920-8176 (fax)
mkeegan@keeganfirm.com
